**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1804**

---

LUIS ALBERTO FLORES-BACIGALUPO, a/k/a Luis Alberto Flores,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

On Petition for Review of an Order of an Immigration Judge.

---

Submitted:  October 4, 2023                    Decided:  April 16, 2024

---

Before NIEMEYER, GREGORY, and HARRIS, Circuit Judges.

---

Petition for review dismissed by unpublished per curiam opinion.

---

**ON BRIEF:**  Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, Leslie McKay, Senior Litigation Counsel, Keith I. McManus, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Luis Alberto Flores-Bacigalupo, a native and citizen of Peru, illegally reentered the United States in 2022, the Department of Homeland Security reinstated the removal order first entered against him in 2019. Because Flores-Bacigalupo expressed a fear of returning to Peru, an asylum officer conducted a screening interview to determine whether he reasonably feared persecution or torture in his home country. The asylum officer determined that Flores-Bacigalupo failed to establish a reasonable fear of such harm, and an Immigration Judge ("IJ") concurred in that determination. Flores-Bacigalupo now petitions for review of the negative reasonable-fear finding.

Under our recent decision in *Martinez v. Garland*, 86 F.4th 561 (4th Cir. 2023), we lack jurisdiction to review Flores-Bacigalupo's petition because it was not filed within 30 days of a final order of removal. A noncitizen must file a petition for review by our court "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This 30-day deadline is jurisdictional and not subject to equitable tolling. *Martinez*, 86 F.4th at 566-67. Flores-Bacigalupo filed his petition for review in July 2022, three years after his original order of removal and six months after reinstatement of that order in January 2022. Measured against either benchmark, *see id.* at 568 (assuming reinstatement decision qualifies as a reviewable "final order of removal"), Flores-Bacigalupo's petition is untimely under § 1252(b)(1)'s mandatory 30-day period, depriving us of jurisdiction to review it.

Flores-Bacigalupo rests his case for jurisdiction on the fact that he filed his petition within 30 days of the IJ order sustaining the negative reasonable-fear determination against

2

him.  But as we held in *Martinez*, that order is not a "final order of removal" reviewable under 8 U.S.C. § 1252(a)(1).  *Martinez*, 86 F.4th at 567.  Nor do Flores-Bacigalupo's withholding-only proceedings affect the finality of the January 2022 decision reinstating his prior removal order.  In *Martinez*, we considered precisely that issue, and held that a decision reinstating a removal order remains final and appealable notwithstanding subsequent withholding-only proceedings.  *See id.* at 570.

Because Flores-Bacigalupo did not petition for review within 30 days of a qualifying final order of removal, we must dismiss his petition for lack of jurisdiction.

*PETITION DISMISSED*